# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN BRAUNSTEIN,

    *Petitioner*,

vs.

JAMES DZURENDA , *et al.*,

    *Respondent*.

2:17-cv-02731-APG-CWH

**ORDER**

This is a habeas corpus proceeding under 28 U.S.C. § 2254.[1] In compliance with this court's order of November 20, 2017 (ECF No. 4), petitioner has paid the $5.00 filing fee applicable to habeas proceedings in this court. ECF No. 7. Thus, the Clerk shall be ordered to file the habeas petition submitted with petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 1-1).

With his petition, petitioner seeks to challenge the same state court judgment of conviction that he sought to challenge in no less than five previous actions filed in this court: 3:11-cv-00587-LRH-WGC, 3:13-cv-00666-MMD-WGC, 2:14-cv-00853-JCM-VCF, 2:15-cv-00947-RFB-NJK, and 2:16-cv-02556-APG-NJK. In the first action listed, this court dismissed

---

[1] Though styled as a proceeding under 28 U.S.C. § 2241, the petition seeks relief from custody imposed by a state court judgment, which places it under 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004) (confirming that § 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention).

the habeas petition because all of the claims were procedurally defaulted. *See* ECF No. 37 in 3:11-cv-00587-LRH-WGC. The subsequent four proceedings were, therefore, second or successive habeas corpus petitions for the purposes of 28 U.S.C. § 2244(b). *See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

Petitioner was required to obtain authorization from the court of appeals before he could proceed with a second or successive petition. 28 U.S.C. § 2244(b)(3). This court dismissed all four petitions because petitioner did not have such authorization. Petitioner again lacks such authorization here. Therefore, this court is without jurisdiction to consider the habeas petition filed herein. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (petitioner's failure to comply with "gatekeeping requirements of 28 U.S.C. § 2244(b)" deprives the district court of jurisdiction to hear petitioner's claims).

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

**IT THEREFORE IS ORDERED** that the Clerk shall file the habeas petition submitted with petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 1-1).

**IT IS FURTHER ORDERED** that the petition is DISMISSED for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk shall ENTER JUDGMENT accordingly and close this case.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 2) is DENIED.

**IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the Clerk shall electronically serve upon respondents a copy of this order. No response is necessary.

DATED: January 9, 2018.

_____
UNITED STATES DISTRICT JUDGE